IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHON DEON JOHNSON, | No. C 15-3640 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| MARTIN BITER, | (Dkt. 11) |
| Respondent. | |

### INTRODUCTION

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254 challenging his conviction in state court. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed an opposition and respondent has filed a reply brief. The motion is **GRANTED** and the case is **DISMISSED**.

### STATEMENT

On March 19, 2010, petitioner and a co-defendant were convicted in Alameda County Superior Court of two counts of first-degree murder and one count of attempted murder (Pet. Br. 1). On June 4, 2010, petitioner was sentenced to a term of life without the possibility of parole in state prison (*ibid.*). The California Court of Appeal affirmed the conviction on June 27, 2013 (Pet. Appendix C), and the California Supreme Court denied the petition for review on October 2, 2013 (Resp. Exh. 1). On April 16, 2014, petitioner gave his petition for a writ of habeas corpus to prison officials for mailing to the Alameda County Superior Court, and it was filed in that court on May 7, 2014 (*id.* Exh. 2; Opp. 2). On June 20, 2014, the petition was denied as untimely and without merit (Resp. Exh. 3). On July 10, 2014, petitioner filed a

1 habeas petition in the California Court of Appeal, which was denied four days later summarily
2 and without citation (*id.* Exh. 4). ON August 18, 2014, petitioner filed a habeas petition in the
3 California Supreme Court (*id.* Exh. 5). He received leave to amend the petition and filed an
4 amended the petition on January 12, 2015 (*id.* Exh. 6; Opp. 2). The California Supreme Court
5 denied relief, with the only explanation a citation to *In re Robbins*, 18 Cal.4th 770, 780 (1998)
6 (Resp. Exh. 7). The instant petition was filed on August 10, 2015.

**ANALYSIS**

The statute of limitations is codified at 28 U.S.C. 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. 2244(d)(1).

Under Section 2244(d)(1)(A), the time for seeking direct review includes the period in which a petition may file a petition for a writ of certiorari from the United States Supreme Court, whether or not such a petition is actually filed. *Bowen v. Roe*, 188 F.3dd 1157, 1159 (9th Cir. 1999). Petitioner did not file a petition for a writ of certiorari in this case. His time for doing so expired 90 days after the California Supreme Court denied the petition for review. *See* Sup. Ct. R. 13. 8.500(e). The California Supreme Court denied review on October 2, 2013, and the deadline for filing a petition for a writ of certiorari expired on December 31, 2013. Therefore, under Section 2244(d)(1)(A) the judgment became "final" and the one-year limitations period started on December 31, 2013. The limitations period began running the next day and expired one year later, on January 1, 2015.

Under the "mailbox rule" a federal petition may be deemed filed on the date it was handed to prison authorities for mailing, and not on the date it was actually filed.

*See Houston v. Lack*, 487 U.S. 266, 276 (1988).  Here, however, there is no evidence as to when the petition was handed to prison officials for mailing: there is no proof of service attached to the petition, and petitioner does not state when he handed it to prison officials.  The date petitioner signed the petition can logically be presumed to be the date he handed it to prison officials for mailing.  The instant petition is signed and dated "July 2015".  For the purposes of analyzing this motion, the instant petition will be deemed filed under the mailbox rule on July 1, 2015, because that is the earliest date that it could have been signed and delivered to prison officials for mailing.  As the limitations period expired six months earlier, on January 1, 2015, it is untimely absent tolling.

Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. 2244(d)(2). For a state post-conviction to be "pending" and "properly filed" within the meaning of Section 2244(d)(2), it must be timely under state law.  *See Carey v. Saffold*, 536 U.S. 214, 226 (2002); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).  In California, a state habeas petition is untimely if there has been an unreasonable delay.  *Carey*, 536 U.S. at 226.  The Alameda County Superior Court found petitioner's first state post-conviction to be untimely.  If a California state court rules that the petition is untimely, "that is the end of the matter" for purposes of Section 2244(d)(2) tolling.  *Ibid*.  The fact that the Alameda County Superior Court also denied the petition on its merits does not change this conclusion.  *See ibid.* (if the state court denies the petition as untimely, there is no tolling under Section 2244(d)(2) regardless of whether the state court also addressed the merits of the claims).  It is noted that the superior court could reasonably find that the petition was unreasonably delayed because while it was filed was filed 106 days after the *federal* statute of limitations period began, more than six months had elapsed since petitioner lost his final direct appeal to the California Supreme Court and nearly four years had elapsed since his conviction and sentence.  In any event, the superior court's finding that the petition was untimely conclusively precludes tolling under Section 2244(d)(2) while the petition was pending.

Petitioner's two subsequent state habeas petitions also do not toll the limitations period

3

1    under Section 2244(d)(2). When a higher court in California denies the petition summarily —
2    as the California Court of Appeal did in this case — it is presumed that the higher court agreed
3    with the lower court's determination on the timeliness question unless "strong evidence" rebuts
4    this presumption. *Curiel v. Miller*, 780 F.3d 1201, 1203-04 (9th Cir. 2015). The California
5    Court of Appeal's summary denial is therefore presumed to be in agreement with the Alameda
6    County Superior Court's decision that the petition was untimely, and there is no evidence to
7    rebut this presumption. *Cf. id.* at 1204 (finding that citations to other California decisions in
8    summary opinion was not "strong evidence" that overcomes presumption that California
9    Supreme Court's summary denial signaled agreement with superior court's determination that
10   petition was untimely). The California Supreme Court's denial of the habeas petition is also
11   considered a denial on untimeliness grounds because of the Supreme Court cited *In re Robbins*,
12   18 Cal. 4th 770, 780 (Cal. 1998). *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007)
13   (California court's citation to *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998), is a clear ruling
14   that the petition was untimely, and the petition does not toll the limitations period under Section
15   2244(d)(2)). Under *Curiel* and *Thorson*, therefore, the habeas petitions to the California Court
16   of Appeal and the Supreme Court of California were denied as untimely and do not toll the
17   limitations period under Section 2244(d)(2).

18       Petitioner does not argue that he is entitled to equitable tolling, but it is nevertheless
19   noted that there are no grounds for equitable tolling here. "[A] 'petitioner' is 'entitled to
20   equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2)
21   that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v.*
22   *Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). Petitioner argues that he
23   did not know that his superior court petition would be untimely. If he did not know that his
24   superior court petition would be untimely when he filed it, he was so informed when the
25   petition was denied. At that time, time he still had approximately three months left of the
26   AEDPA limitations period in which to file a protective petition in federal court. Prisoners may
27   avoid the risk of having the federal statute of limitations expire while they are exhausting their
28   state remedies "by filing a 'protective' petition in federal court and asking the federal court to

4

stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416 (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).  Indeed, the failure to do so in some circumstances may be considered a lack of diligence by a petitioner so as to preclude equitable tolling.  *Curiel*, 780 F.3d at 1205-06.  Petitioner has not shown any reason he could not have filed a protective habeas petition after his superior court petition was denied.  Moreover, there are simply no extraordinary circumstances that impeded his filing a timely petition.  The federal exhaustion requirement and the rules governing the timeliness of state court habeas petitions are far from extraordinary insofar as they apply to every California prisoner who seeks post-conviction habeas relief.  Accordingly, there are no grounds for equitable tolling apparent from the record in this case.

Because the instant petition was filed approximately six months after the one-year statute of limitations expired, and there are no grounds for statutory or equitable tolling, it must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (dkt. 11) is **GRANTED** and the petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May   23   , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5