1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

STEPHON DEON JOHNSON,

10

Petitioner,

11

v.

12

MARTIN BITER,

13

Respondent.

14

No. C 15-3640 WHA (PR)

**ORDER GRANTING MOTION FOR
RECONSIDERATION; VACATING
ORDER OF DISMISSAL AND
JUDGMENT; REOPENING FILE;
TO SHOW CAUSE**

(ECF No. 20)

15
16

**INTRODUCTION**

17

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. 2254

18

challenging his sentence in state court. Respondent's motion to dismiss the petition as untimely

19

was granted. Petitioner then filed "Objections" to the dismissal, which was construed as a

20

motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

21

Respondent has filed an opposition and petitioner has filed a reply brief.

22

**ANALYSIS**

23

Petitioner objects to the dismissal of the petition as untimely on the grounds that, prior

24

to filing the instant petition, he believed he had filed a "protective" petition in federal court. A

25

"protective" petition is a timely federal habeas petition that is stayed while the petitioner

26

exhausts his state court remedies, and that effectively suspends the running of the limitations

27

period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (describing procedure for filing

28

"protective" federal habeas petition and suspending AEDPA's limitations period). No such

protective petition was in fact filed in this court, as no petition filed by petitioner appears in the

court's docket prior to the instant petition. According to petitioner, however, he had a good

1  faith belief that such a petition had in fact been filed, and either prison officials or personnel at

2  this court misplaced and lost the petition without his knowledge or fault.

3       Rule 60(b) provides for relief from judgment where one or more of the following is

4  shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence

5  which by due diligence could not have been discovered in time to move for a new trial; (3)

6  fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any

7  other reason justifying relief.  Fed. R. Civ. P. 60(b).

8       Petitioner's motion for relief from judgment does not raise newly discovered evidence

9  under Rule 60(b)(2), does not assert fraud by the opposing party under Rule 60(b)(3), and does

10  not assert that the judgment is void or satisfied under Rule 60(b)(4)-(5).  Rather, his assertion

11  that he mistakenly believed that he had filed a protective federal petition that stopped the

12  limitations period from expiring falls under Rule 60(b)(1).  Because his motion for relief from

13  judgment is covered by Rule 60(b)(1), the catch-all provision of Rule 60(b)(6) for "other"

14  reasons justifying relief does not come into play.

15       The determination whether relief should be granted under Rule 60(b)(1), "depends on at

16  least four factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay

17  and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the

18  movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24

19  (9th Cir. 2000) (adopting standard to determine excusable neglect as set forth in *Pioneer Inv.*

20  *Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  The court may consider the

21  *Pioneer* factors without discussing how much weight it gives to each.  *M.D. v. Newport-Mesa*

22  *Unified Sch. Dist.*, 840 F.3d 640, 643 (9th Cir. 2016) (per curiam).

23       Respondent concedes correctly that there is no danger of prejudice because the motion

24  for relief from judgment was filed only seventeen days after the motion to dismiss.  For the

25  same reason, the second factor — the length of the delay — also does not weigh against

26  granting petitioner relief.  The record presents no grounds for evaluating the reason for the

27  seventeen-day delay, so that factor cannot be weighed in either direction.  The fourth factor

28  weighs strongly in favor of granting relief because petitioner had a good faith belief that he had

1　properly followed the procedure for filing a protective federal petition, obtaining a stay and

2　abeyance of that petition, and stopping the running of the limitations period.

3　　　　Petitioner explains that on April 1, 2014 — when approximately nine months remained

4　on the one-year limitations period for filing a federal petition — he gave prison officials a

5　sealed envelope for mailing to this court in which he placed a federal habeas petition and a

6　motion for stay and abeyance, as required under *Pace* to stop the limitations period from

7　expiring while he exhausted his claims in the state courts (ECF No. 29-3 at 5).  Petitioner

8　placed this sealed envelope in another envelope that contained an application to proceed in

9　forma pauperis ("IFP") in federal court, as well as a state court petition for a writ of habeas

10　corpus (*ibid.*).  Petitioner intended to have prison officials complete the IFP application and

11　send it with the stay and abeyance motion and federal petition to this court, but to send the state

12　petition sent to the Alameda County Superior Court (*ibid.*).  On April 14, 2014, petitioner

13　received back from the clerk of this court the state habeas petition with instructions to file it in

14　state court (*ibid.*).  This was when he learned that prison officials had not mailed the state

15　petition to the state court (as petitioner intended), and so petitioner sent that petition to the

16　Alameda County Superior Court on April 16, 2014 (*ibid.*).  Having received no indication from

17　this court that no federal petition or stay and abeyance motion was received, petitioner believed

18　that it had been submitted and stopped the federal statute of limitation from expiring based upon

19　the "protective" federal petition procedure set forth in *Pace*.

20　　　　The record indicates that petitioner's belief, while mistaken, was reasonably justified

21　and in good faith.  Petitioner has produced a partial copy of the protective federal petition dated

22　April 1, 2014 (ECF No. 29-4).  As he explains, he could not produce a full copy of the petition

23　because he has been in administrative segregation since filing the instant petition, and prison

24　officials have taken control of his property, including his legal papers (ECF No. 29 at 6).  In

25　addition, the prison mail log supports his account because it shows that mail was sent from

26　petitioner to this court on April 2, 2014, no mail was sent from petitioner to the state court, and

27　then mail was sent from this court to petitioner on April 14, 2014 (ECF No. 20 at 6).  The

28　failure of prison officials to send his state court petition to the correct court was certainly not

1     petitioner's fault. That there is no record of this court receiving or filing the federal petition or

2     stay and abeyance motion does not mean he did not attempt to send it here. Prison officials may

3     have lost, misplaced, or mis-sent the petition and motion, or this court may have misplaced or

4     lost them. The fact that petitioner does not have evidence to that effect is reasonable because it

5     is not at all clear how he would obtain such evidence, nor does it indicate any lack of good

6     faith.

7          Respondent's effort to show that petitioner did not file a protective federal petition does

8     not affect the Rule 60(b)(1) analysis. He does not need to prove that actually filed a protective

9     federal petition, but rather that he mistakenly believed in good faith that he had properly

10    followed the *Pace* procedure for stopping the statute of limitations from running by sending a

11    protective federal petition and motion for stay and abeyance to federal court.

12         Respondent also argues that petitioner did not in fact believe that he had filed a

13    protective federal petition. Respondent cites petitioner's petitions to the superior court and the

14    California Supreme Court, and the instant federal petition — all filed after his effort to file a

15    protective federal petition — in which petitioner indicated that he had not yet "filed" a federal

16    petition or did not have a petition "pending" in federal court. Petitioner explains that he so

17    indicated because thought that a protective federal petition held in abeyance was not considered

18    "filed" (ECF No. 29 at 6 n.1). This mistaken belief is understandable because petitioner is not a

19    lawyer, nor was informed by this or any court that no federal petition was "filed."

20         Respondent's argument that petitioner was not diligent is also rejected. The legal

21    relevance of his diligence to the Rule 60(b)(1) analysis is not clear, except to the extent it may

22    reflect the good faith of his mistake. In any event, his efforts easily amount to reasonable

23    diligence. Petitioner made attempted to file both a state habeas petition and a protective federal

24    habeas petition long before the statute of limitations had run. When he was informed by this

25    court on April 14, 2014, that he should file the state petition in the Alameda County Superior

26    Court, he did so two days later. He progressed to the California Court of Appeals after only

27    three weeks of being denied in the superior court, and he went on to the California Supreme

28    Court after six weeks of losing in the Court of Appeals. Petitioner also sought reconsideration

of the dismissal of the instant petition in less than three weeks.  For an incarcerated person in administrative segregation with limited access to his property, legal papers and a law library, and one who is not a lawyer, this is more than sufficiently diligent to indicate good faith. Finally, while petitioner would likely have learned that this court did not have a federal petition or stay motion from him if he had asked this court about them after April 1, 2014, he had no reason to suspect that this court did not have them or that he had not properly followed the protective petition procedure.  Thus, his failure to make such an inquiry does not indicate a lack of reasonable diligence or good faith.

Petitioner is entitled to relief from judgment on the basis of his mistake, inadvertence or excusable neglect under Rule 60(b)(1).

### CONCLUSION

For the foregoing reasons, petitioner's motion for relief from judgment (ECF No. 20) is **GRANTED**.  The order granting the motion to dismiss and the judgment are **VACATED** and the clerk shall **REOPEN** the file.

Respondent shall file with the court and serve on petitioner, within **63 days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: May ___24___, 2017.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE